IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
November 05, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

| | | |
|---|---|---|
| Asiatic Royalprince Allah, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:26-cv-00405 |
| | ) | |
| Joseph W. Walters *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Asiatic Royalprince Allah, a Virginia inmate acting *pro se*, filed this action under 42 U.S.C. § 1983 alleging that Defenfants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. (Compl. (Dkt. 1).) Specifically, Allah alleges that he suffers from a variety of ailments, including stomach and side pain, shortness of breath, chest pain, and a lump growing on the left side of his upper body, which Defendants have failed to adequately or timely address. (*Id.* at 7–12.) Allah requests that this court issue an order requiring Defendants to show cause as to why a preliminary injunction should not issue that would direct them to render "immediate diagnosis and treatment" for his medical complaints. (Pl.'s Mot. for Prelim. Inj. At 1 (Dkt. 3).) The court will construe this request as a motion for a preliminary injunction.

A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable

harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *See Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). "Intervention in the management of state prisons," such as through "mandatory injunctive relief," should be exercised only in compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). The judiciary grants "wide-ranging deference" to prison administrators on matters within their discretion. *Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980).

Neither Allah's motion, which is merely a half-page long, nor the allegations in Allah's complaint establish any of the factors required to issue preliminary injunctive relief. Allah requests "immediate treatment" and "further evaluation of his serious medical need," (Compl. ¶ 38). However, Allah's own allegations confirm that he has received treatment for his maladies. (*See* Compl. ¶ 19 (alleging that he was "seen by the nurse for sick call" and received "a blood pressure check, heart monitor etc"); ¶ 21 (alleging that he was told by nurses during sick call to "continue to take his acid reflux medication"); ¶ 30 (alleging that he was referred to general surgery to have an upper endoscopy "which was approved and [was] pending scheduling").) Allah's disagreement with the course and timing of various treatments cannot form the basis for a meritorious Eighth Amendment claim. *See Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (explaining that "disagreement between an inmate and a physician over the inmate's proper medical care" falls short of showing deliberate indifference (collecting cases) (cleaned up)). Thus, the court finds that Allah has not shown that he is likely to succeed on the merits of his Eighth Amendment claims.[1]

[1] The court also takes note of the defenses raised by pending motions to dismiss by certain defendants,

Accordingly, Allah's motion for a preliminary injunction (Dkt. 3) is **DENIED**. The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to Allah and to all counsel of record.

**IT IS SO ORDERED.**

**ENTERED** this 5th day of November, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE

including for lack of personal involvement. (*See* Defs.' Br. in Supp. of Mot. to Dismiss at 2 (Dkt. 33).) One defendant, Warden Kevin McCoy, is no longer employed by the Virginia Department of Corrections, and thus, an order directing him to comply with the injunction would likely be moot. (*See* Def.'s Resp. at 1 (Dkt. 37).)